Waties, J.
said he had always given a different construction to the act; and that it appeared to him that the intention of it was only to make a record of a deed, or an attested copy of such record, good evidence, where the original was lost. He added the following reasons :
By the 7th clause it is expressly declared, that “ where “ any person has lost his original deed by accident, the re- “ cord thereof in the secretary’s, or register’s office, together “ with the actual possession of the party claiming under the “ same, shall be deemed good evidence of a title at law, un- “ til better evidence appears.” The 30th clause does indeed say, “ that the records of deeds duly proved before a “ justice of the peace, and also attested copies thereof, shall “ be deemed to be as good evidence in the law, and of the “ same force and effect as the original would have been “ in all courts of law and equity.” But if one clause is construed by the other, (which the rule of law requires,) then the latter can only mean, like the former, that the record of a deed, or attested copy of such record, shall supply the loss of the original. This is explicitly declared in the first; and even in the last, it seems to be strongly implied by the expression “ as the original would have beenP The legislature could not have intended so inconsistent a thing, as to make the record, or official copy, inferior evidence by one clause, and the highest evidence by another ; nor could it have intended so mischievous a thing as to overturn an important rule of evidence, and make a copy equal to an existing' original. This would be giving great facility to fraud. If by recording a deed, the necessity of producing it was dispensed with, then the proof of its validity would rest on the ex parte oath of one of the subscribing witnesses, before any justice of the peace, and without any *495 examination. It would be very easy, by this means to conceal, under the fair dress of a record, the foulest features of fraud manifest on the face of the original, and to give even to a forged deed, all the effects of a valid one. This could not have been the intention of the act. It is much more probable that the deed and the record were considered of different degrees; if the first should be lost by accident, then the second, or an attested copy, may supply it; but if the first is in existence, it is the highest evidence, and must be produced. This construction is not only consistent with the rest of the act, but also with the established rules of evidence ; and it is more reasonable to presume that the legislature intended to respect these, than to violate them. The evidence therefore offered here, must be considered as inferior evidence, and is only admissible upon proof that the original deeds have been lost by accident.
As the defendants offered no proof of such a fact, the court refused to admit the certified copy of the deeds, and a verdict was found for the plaintiff.
The counsel for the defendants gave notice that he would move for a new trial, on the ground of misdirection of the judge ; and this motion was accordingly made at Columbia.
AH the judges were present, and after full consideration, Burke, GriMKE, and Waties, were of opinion that a record, or official copy of a deed, was not made the highest evidence by the act of assembly, but only suppletory evidence upon the loss of the original. They admitted that the general practice hitherto had been otherwise, but that the act, when fully considered, did not warrant it; for it did not appear to intend any alteration in the rules of evidence, but only to provide a more certain and authentic mode of supplying the loss of deeds.
Bay, J,
of a contrary opinion, thought the 30th clauses of the act quoted, was intended to alter the rules of the pommon law with respect to office copies of deeds, &c. from the time of passing the act, and to make them evi *496 dence in our courts from that period, without any proof of the loss of the originals ; provided such originals had been duly proved before a justice of the peace, in the usual method, before they were recorded. 1 he words are these, “ '1 hat the records of all grants in the office of the said “ auditor-general, or his deputy; and the records of all “ grants and deeds, duly proved before a justice of the peacet “ in the usual method, and recorded, or to be recorded, in “ the register’s office of the province; and also the attested copies thereof shall be deemed to be as good evidence in u the law, and of the same force and effect as the original “ would have been, if produced, in all courts of law and “ equity.”
This clause appeared to him to be framed in such unqualified terms, as to admit of no other construction ; and this construction had been given it, as he understood, (with perhaps very few exceptions to the contrary,) ever since the law passed in 1731 ; for which reason, he did not think himself at liberty to give his assent to the alteration of a practice which had so long prevailed in this country, and which had proved so convenient to its citizens. That the 7th clause of the act would be found, upon an attentive perusal, to have a retrospective operation, and was obviously intended only to cure defects, or to provide against losses or accidents, which happened before the passing of the act; and therefore, it enacts, that in all such cases, where the originals could not be procured, office copies should be deemed good evidence. It goes still further, and declares, that in cases where no record could be found, the oath of the party of the loss of such original, should be deemed prima facie evidence of a l'ight, so as to entitle him to a new grant for the land ; which further confirms the idea of the retrospective operation of that clause. Whereas the 30th clause is partly retrospective, and partly prospective, and enacts, that all deeds recorded, and to be recorded thereafter, in the register’s office, and all attested copies of them, shall be as good evidence as the originals. There is no condition, or provisot requiring proof of the *497 loss of such originals as were to be recorded in future ; all that the clause appeals to require, as necessary, is, that such originals should be proved before a iustice of the ° , . peace beiore they are recorded»
It was therefore ordered, that the rule be discharged; but having afterwards considered the great hardship of the defendants’ case, who had trusted to the practice which be» fore prevailed, they consented that there should be a new trial, in order to give the defendants an opportunity of pro» ducing their original deeds, and proving them by the sub» scribing witnesses»